**FILED**

IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

APR 2 5 2006
APR 25 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

JOHNBULL OSAGEIDE
    Petitioner

Vs.

UNITED STATES OF AMERICA
    Respondent

**06CV2307**

**⟨ JUDGE KOCORAS**

**MAG. JUDGE DENLOW**

## MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT 28 U.S.C. §2255

To the Honorable Judge JOAN HUMPHREY LEFKOW:

    COMES NOW, JOHNBULL OSAGEIDE, your petitioner herein, respectfully submit the instant MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. §2255. In support, the following is asserted as excellent grounds in granting this motion.

### JURISDICTIONAL STATEMENT

    Jurisdiction is invoked upon the Court pursuant to 28 U.S.C. §2255.

## STATEMENT OF THE CASE

On November 12, 2002, HENRY HICKS was indicted and charged with distribution of Heroin and Possession with Intent to Distribute 50 grams of Crack Cocaine. On March 13, 2003, petitioner was arrested and subsequently on March 18, 2003, a 5 Count Indictment was filed and charged him with Conspiracy to distribute Heroin in violation of 21 U.S.C. §846. On March 21, 2003, petitioner appeared before Judge EDWARD BOBRICK for arraignment and pleaded not guilty on all counts. On January 9, 2004, petitioner appeared before Judge JOAN H. LEFKOW and withdrew his plea of not guilty and entered a guilty pleas on Count Three of the indictment. On May 17, 2005, petitioner was sentenced to 97 months imprisonment.

## STATEMENT OF FACTS

Before petitioner agreed to plead guilty to Count Three(3) of the indictment which charged him for possession of 25 grams of Heroin, counsel had assured him that he will be sentenced solely on 25 grams and thus his sentence would be 18 months. Based on these assurance, petitioner pleaded guilty to Count Three but instead of getting the 18 months counsel had assured him, he received 97 months imprisonment.

-2-

## ISSUES PRESENTED FOR REVIEW

1. Whether Petitioner was Denied his FIFTH and
   SIXTH Amendment rights guaranteed him by the
   UNITED STATES CONSTITUTION.

2. Whether Petitioner's counsel was Constitutionally
   ineffective for his misrepresentation that
   petitioner would receive 18 months sentence
   if he pleads guilty to Count 3 of the indictment
   which charged him for possession of 25 grams
   of Heroin and thus, his Guilty Plea was not
   knowing and intelligently entered.

3. Whether Petitioner's counsel was ineffective
   for failure to object to the Probation Officer's
   attribution of 3Kg of Heroin for statutory
   purpose under the relevant conduct.

4. Whether Petitioner was Denied effective assistance
   of counsel based on counsel's failure to Argue
   that the indictment should be dismissed based
   on the Government's violation of Petitioner's
   rights under the Vienna Convention.

## INEFFECTIVENESS GENERALLY

There can be no fair trial, unless the accused receive
the service of an effective assistance and independent advocate.
**POLK V. DODSON**, 102 S. Ct. 445, 452 (**1981**). Even if there
is presumption that counsel's conduct fells within the wide
range of reasonableness, this can be overcome where a defendant

-3-

shows that the action was not a sound strategy. See **STRICKLAND V. WASHINGTON**, 466 U.S. 668 (**1984**).

The Supreme Court has long recognized that **"the right to Counsel is the right to effective assistance."** See **STRICKLAND** Supra. The SIXTH Amendment of the UNITED STATES CONSTITUTION guarantees that every criminal defendant including those who pleaded guilty is entitled to the assistance of counsel during sentencing. The Supreme Court has also stated that **"the right to Counsel is a fundamental right of criminal defendants; it assures fairness and thus, the legitimacy of our adversary process"**. **KIMMELMAN V. MORRISON**, 477 U.S. 368 (**1986**). An effective attorney must play the role of an active advocate, rather than mere friend of the Court.

The **STRICKLAND** Court established that the benchmark for judging any claims of ineffective assistance of counsel must be whether counsel's conduct so undermine the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. **Id**. at 689.

The **STRICKLAND** test has two components, both which must be satisfied to established that counsel's performance was ineffective. **First**, the defendant must show that **"counsel's performance fell below an objective standard of reasonableness"**. **Id**. at 687. This requires showing that counsel was not functioning as the counsel guaranteed the defendant by the SIXTH Amendment of the UNITED STATES CONSTITUTION. **Secondly**, the defendant must show that there is a reasonable probability that, but for

-4-

counsel's errors, the result of the hearing would have been different. **Id**. at 694. A reasonable probability **"is a probability sufficient to undermine confidence in the outcome"**. **Id**.

Petitioner averred that his plea was involuntary because he received ineffective assistance of counsel based on counsel's misrepresentation of his sentence and promise of 18 months in exchange for petitioner's guilty plea.

From the on set, petitioner had maintained that the voice on the phone that connected him with this case was not his which the voice analysis also confirmed. However, in order to avoid a lenghty trial and putting a lot of pressure on my loved ones, counsel advised me that if I agreed to plead guilty, that he will get me to plead to Count Three of the indictment which charged me with possession of 25 grams of heroin. Furthermore, counsel assured me that by pleading to Count Three of the indictment, that my sentence exposure was 18 months and that he promised that will be the sentence I would receive.

After this discussion with counsel, petitioner agreed not to proceed to trial but thus pleaded guilty to Count Three of the indictment. (See the attached Affidavit marked Appendix A). Counsel told petitioner specifically that what he was pleading guilty to was only for 25 grams of heroin which according to him, carries a sentence of 18 months. However, counsel cautioned petitioner not to disclose to the sentencing Judge this promise when asked whether anybody had promised him anything

-5-

during the the Rule 11 plea Colloquy. Counsel explained to
petitioner that Rule 11 plea Colloquy was just a formality
that the Judge have to    undergo before accepting a guilty
plea from any defendant, and thus, petitioner denied as instructed
by his counsel when asked by your Honor whether anybody had
promised him any particular sentence.

Petitioner submits that his understanding at the time
he was induced into pleading guilty by his counsel was that
he was going to plead to Count 3 which according to counsel,
carries a sentence of 18 — 24 months imprisonment. Furthermore,
the Count Three petitioner pleaded to specifically charged
him with distribution of 25 grams of Heroin and the Court
did not advice him that he was pleading guilty to 3 Kilograms
of Heroin. Thus, petitioner's understanding of the plea as
explained by counsel was that the only drug that is attributed
to him which the Court accepted was 25 grams of Heroin.
See the attached affidavit.

The long standing test for determining the validity of
a guilty plea is **"whether the plea represents a voluntary
and intelligent choice among the alternative courses of action
open to the defendant"**. HILL V. LOCKHART, 106 S. Ct. 366,
86 L. Ed. 2d 203 **(1985)**. A guilty plea if induced by promises
or threats which deprive it of the character of a voluntary
act is void. See MACHIBRODA V. UNITED STATES, 368 U.S. 487,
493, 82 S. Ct. 510, 7 L. Ed. 2d **(1962)**.

The graveman of petitioner's contention is not merely

-6-

that his counsel lied to him and erroneously predicted the
favorable consequences of his guilty plea, but rather, he
argues that his guilty plea was involuntary because he was
induced by his counsel's misrepresentation as to what his
sentence in fact will be. See **UNITED STATES V. UNGER**, 665
F2d 251, 254 (8th Cir. **1981**). Thus, a guilty plea induced
by a mistaken belief that a binding plea agreement had been
made is invalid even if it was the defendant's own attorney
who was responsible for the defendant's mistaken believe.
See **UNITED STATES V. SHNEER**, 194 F2d 598 (3rd Cir. **1952**).
(Innocent misrepresentation by counsel vitates plea). See
also **UNITED STATES V. GOODMAN**, 590 F2d 705 (8th Cir.)

Similarly, in **MASON V. BALCOM**, 531 F2d 717, 724 (5th
Cir. **1976**), the Court held that a guilty plea cannot have
been knowing and voluntary, however, if a defendant does not
receive reasonable effective assistance of counsel in connection
with the decision to plead guilty, because the plea does not
then represent an informed choice.

In the case at bar, petitioner aver that his counsel
told him that if he agrees to plead guilty to Count Three
of the indictment that charged him with possession of 25 grams
of Heroin, that he will receive 18 months imprisonment. Thus,
petitioner contends that he agreed to plead guilty to Count
Three based on the counsel's assurance that he will receive
18 months sentence. The counsel's assurance was petitioner's
inducement for pleading guilty. See **SANTOBELLO V. NEW YORK**,

-7-

92 S. Ct. 495, 30 L. Ed. 2d 427 (**1971**).

A case in point like the instant case is **LOPEZ V. UNITED STATES**, 439 F2d 997 (9th Cir. **1977**).  There, the petitioner alleged that his defense counsel promised him a 5 — 10 years sentence (he received 20 years), and admonished him not to disclose any deal to the Court at the Rule 11 hearing.  See also **UNITED STATES V. McCARTHY**, 433 F2d 591 (1st Cir. **1970**).

Petitioner argues that he is a layman of the law and was entitled to credit his counsel's representation as to the fact of such an agreement, and to rely on it.  In a situation like the instant case, in which a defendant was induced by deception, an unfulfillable promise, or misrepresentation to enter a plea of guilty, petitioner contends that such action does not meet the standard as articulated by the Supreme Court for voluntariness.  See **BRADY V. UNITED STATES**, 397 U.S. 742,755, 90 S. Ct. 1463, 25 L. Ed. 2d 747 (**1970**).  See also **MABRY V. JOHNSON**, 467 U.S. 504, 509, 104 S. Ct. 2543, 81 L. Ed. 2d 437 (**1984**).


**PREJUDICE**

To satisfy the prejudice component in the context of a guilty plea, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. See **LAEA V. SUNN**, 800 F2d 861, 865 (9th Cir. **1986**).

In **LAEA**, the Court held that a defendant can satisfy

-8-

the deficient performance prong of **STRICKLAND** test by showing
that counsel induced him to plead guilty by presenting a gross
mischaracterization of the likely outcome — that petitioner
will receive 18 months sentence in exchange for a guilty plea.
Thus, petitioner argues that absent this erroneous advice,
he would not have pleaded guilty. (See the attached affidavit).

Based on the foregoing, petitioner urge the court to
remand this case back for an evidentiary hearing because his
counsel misled him to believe that he would receive 18 months
sentence if he pleads guilty to Count Three of the indictment
that charged him with possession of 25 grams of Heroin. See
**MACHIBRODA V. UNITED STATES**, 368 U.S. at 494, 82 S. Ct. at
514. Thus, petitioner submits that his counsel's misrepresentation
took place outside the courtroom and beyond the personal knowledge
of the Judge, and as such, he has brought himself, squarely
within the **MACHIBRODA** standard. Accord **BROWN V. UNITED STATES**,
565 F2d 862 (3rd Cir. **1977**); **UNITED STATES V. BORDERS**, 992
F2d 563 (5th Cir. **1993**). See also **UNITED STATES V. ESPINOZA**,
886 F2d 1067 (9th Cir. **1989**).

#### WHETHER PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL FOR COUNSEL'S FAILURE TO OBJECT TO THE PROBATIONER OFFICER'S ATTRIBUTION OF 3 KILOGRAMS OF HEROIN TO HIM FOR STATUTORY PURPOSE UNDER THE RELEVANT CONDUCT

Petitioner submits that he received constitutionally
ineffective assistance of counsel for his failure to object

-9-

to the findings in the Presentence Report that attributed
3 kilograms of Heroin to him for statutory purpose under the
relevant conduct, which was adopted by the Court.

Petitioner pleaded guilty to Count Three of the indictment
which charged him with possession of 25 grams of Heroin, so
in applying Mandatory Minimum sentence applicable to the instant
case, the Court can only consider the amount of drugs involved
in offense that led to conviction under that statute.

Statutory Mandatory Minimum sentences to be imposed on
person who violates subsection baring distribution and possession
of controlled substance where the violation involves 1kg or
more of Heroin, applied only to conduct which actually resulted
in the conviction under that statute.

Petitioner was sentenced to 97 months imprisonment pursuant
to 21 U.S.C. §841(b)(1)(A)(1) which provides in pertinent
part:

> In the case of a violation of subsection (a)
> of this section involving..... 1 kilogram or
> more of a mixture or substance containing a
> detectable amount of Heroin..... such person
> shall be sentence to a term of imprisonment
> which may not be less than 10 years or more
> than life..... if such person commits a violation
> of this subsection..... after two or more prior
> conviction for a felony drug offense have become
> final, such person shall be sentenced a mandatory
> term of life imprisonment without release.....

-10-

Thus, it is obvious from the statute's face from it's use of the phrase **"a violation"**, that this section refers to a single violation. Thus, where a defendant violates subsection (a) more than once, possessing less than 1 kilogram of Heroin on each separate occasion, subsection (a) does not apply, for there is no single violation involving **"1 kilogram or more"** of Heroin. This is true even if the sum total of the Heroin involved altogether, over the multiple violations, amounts to more than 1 kilo of Heroin.

This straightforward understanding of the statute is not only with the Court in keeping with their duty to **"construe narrowly the applicability of any criminal statute"**. D AND W FOOD CENTERS, Inc. V. BLOCK, 786 F2d 751, 758 (6th Cir. 1986)(Citing UNITED STATES V. BASS, 406 U.S. 336, 346, 92 S. Ct. 515, 30 L. Ed. 2d 488 **(1971)**), but it is also in keeping with Congress's expressed purpose in enacting 21 U.S.C. §841(b), which was to target Major Drug Traffickers and Manufacturers, Kingpins, and Masterminds of Criminal Organizations. See H.R. Rep. No. 99-845, 99th Congress, 2d sess. 11-12 **(1986)**(House Judiciary Committee Report,, hereafter **"Report"**); 132 Cong. Rec. 14301, 14288-89 (daily ed. Sept. 30, **1986**)(statements of Senators Byrd, Chiles and Bidden).

The House Judiciary Committee explained that **"the Committee selected quantities of drugs which if possessed by an individual would likely be indicative of operating at such a high level"**. Report, Supra at 12. See UNITED STATES V. MARTINEZ ZAYAZ,

857 F2d 122, 130 (3rd Cir. **1988**)(Congress designated drug quantity as the best means of identifying those individuals who should be subjected to a heightened sentence)(Citing Report, Supra, at 11).

If Courts were to construe 21 U.S.C. §841(b)(1)(A) as applying to aggregate amounts of drugs held on various separate occasions, it could be used against small time dealers or users who never possess more than a few grams at a time. The phrase, **"a violation"**, makes it clear that this was not Congress intent.

21 U.S.C. §841(b)(1)(A) is quite unlike the Sentencing Guidelines. When applying the Guidelines to defendants convicted of participating in multiple drug violations or in a drug conspiracy, Courts are required to aggregate the amounts of drug for which the defendant and his or her Cō-conspirators were responsible. See U.S.S.G. §2D1.1, comment (nn6. 12).

Section §841(b)(1)(A), on the other hand, requires a Sentencing Court to consider separate violations of §841(a) without aggregating the amount of drugs involved. See **UNITED STATES V. MERGERSON**, 4 F3d 337, 346 (5th Cir. **1993**)(holding that when applying guidelines, it is proper for Sentencing Court to use amounts of drugs discussed in negotiation in order to calculate base offense level, whereas, when applying §841(b)(1)(A), **"mere proof of the amounts negotiated..... would not count toward quantity of Heroin applicable to the conspiracy"**).

In short, section §841(b)(1)(A) indicates that the minimum

-12-

applies to the quantity involved in the charge, and proven
in violation of §841(a). In the case at bar, petitioner's
violation of §841(a) was found to involved only 25 grams of
Heroin. Consequently, the mandatory minimum applies.

Finally, in **UNITED STATES V. SANTOS**, 195 F3d 549, 553
(10th Cir. **1999**), the Court held that "**the mandatory minimum
sentencing directives in §841(b) are governed solely by the
drug quantities involved in the offense of conviction**". The
SANTOS Court also held that "**other drug quantities, which
would qualify as relevant** conduct for calculating the sentencing
range under the Guidelines..... may not be included in an
aggregate to trigger the statutory directives**". **Id**. at 550.
Thus, the Court erred in aggregatin g the entire drug amount
for statutory purpose under the relevant conduct, and counsel's
failure to object was totally ineffective assistance of counsel.
Therefore, petitioner's argument must be sustained.

**WHETHER PETITIONER WAS DEPRIVED EFFECTIVE
ASSISTANCE OF COUNSEL FOR FAILURE TO
ARGUE THAT HIS INDICTMENT SHOULD BE
DISMISSED FOR THE GOVERNMENT'S VIOLATION
OF HIS RIGHT UNDER VIENNA CONVENTION WHICH
THE UNITED STATES RATIFIED ON NOVEMBER 27, 1969**

The UNITED STATES may enter into treaties under the constitution.
Constitution Article 2, see 2 (the president "**shall have power,
by and with the advise and consent of the senate, to make
treaties, provided two thirds of the senators present concur**").
Under the Supremacy Clause, "**all treaties made**" by the UNITED

STATES along with Federal Law and the constitution, are the "**Supreme Law of the land**". United States Constitution, Article IV. Thus, a treaty has been said to have force of Law if ratified.

The Vienna Convention which was ratified by the United States in November 27, 1969, obligated the United States to inform aliens like myself who are arrested of their right to consult with their counsulars immediately. The treaty stated, "**the said authorities shall inform the person arrested without delay of his rights to see his consular officials who shall have the right to visit him in custody and converse and arrange for his legal representation**". (Vienna Convention Article 35 21 U.S.T. at 100, 596 U.W.T.S. at 292). Thus, under treaty, the arresting officers were supposed to notify petitioner upon his arrest of his right to consult with the Nigerian Consulate as mandated under Vienna Convention.

However, at the time of petitioner's arrest in 2003, he was not informed of his rights under the Vienna Convention. In light of these obvious violation, petitioner contends that his counsel was constitutionally ineffective for failure to argue that his indictment should be dismissed based on violations of his constitutional rights.

Petitioner argues that this issue is akin to **MIRANDA V. ARIZONA**, where the Supreme Court held that a Criminal defendant has a Constitutional right to an attorney and as such, the police must inform the accused of that right upon his arrest

-14-

so that he will knowingly exercise it or waive it.  Thus,
the legal reasoning of **MIRANDA**, is exactly the same as the
legal reasoning of Vienna Convention.  The requirement that
the accused be informed of his right to consult with his consular
officials seems even stronger because the Vienna Convention
specifically requires for a warning be given to an arrested
individual.

In **UNITED STATES V. GONZALES**, 617 F2s 529, 533 (9th Cir.
**1980**), the Court reversed a conviction of illegal reentry
after deportation, because of the failure to inform the defendant
of his rights to communicate with the Mexican consular officials
as required by the Immigration and Naturalization Service
regulations.  The **GONZALES** Court noted that the right established
by the regulations is a personal one.  See also **WALDROW V.
IMMIGRATION AND NATURALIZATION SERVICES**, 944 F2d 71 (2nd Cir.
**1993**).  Based on the foregoing, petitioner argues that his
counsel's failure to move for the dismissal of his indictment
deprived him of an effective assistance of counsel.

## CONCLUSION

In conclusion, petitioner submits that the right to effective
assistance of counsel may in a particular case be violated
by an even an isolated error of counsel if that error is sufficient
egregious and prejudicial.  See **MURRAY V. CARRIER**, 447 U.S.
478, 496 (**1986**).  Furthermore, prejudice is presumed when

-15-

the Government contributed to the counsel's ineffectiveness.
See **STRICKLAND** Supra.   In the instant case, counsel assured
petitioner that if he pleads guilty to Count Three of the
indictment, that he will receive 18 months imprisonment.
Furthermore, counsel overlooked an argument that under Statutory
Mandatory Minimum Sentence, the sentence to be imposed can
only apply to the conduct which actually resulted in the offense
of conviction, which in this case was 25 grams of Heroin.
The Government's attribution of drug quantity which he did
not pleaded to contributed to counsel's mistake.   The mistake
was purely one of Law for which petitioner had no input.
Petitioner should not be bound by the mistake of counsel,
especially when they are mistakes of the law.   The prospect
of any defendant sitting in prison for an additional 68 months
because of an attorney's error in not meeting the legal burden
is unsettling.

    As the Fifth Circuit stated in **TRASS V. MAGGIE**, 731 F2d
288, 293 (5th Cir. **1984**), that ignorance of relevant law constitutes
an identifiable lapse in constitutionally adequate representation.

    Finally, under 28 U.S.C. §2255, the Court shall hold
an evidentiary hearing on a petitioner's motion, "**unless
the files and records of the case conclusively shows that
the prisoner is entitled to no relief**".   The standard for
holding an evidentiary hearing is whether the petitioner
has made specific factual allegations that if true, states
a claim on which relief could be granted.   See **BLACKLEDGE**

**V. ALLISON**, 431 U.S. 63 **(1977)**.

In the case at bar, the nature of petitioner's motion and the records calls and warrants a hearing in light of the facts, as set forth in the affidavit and in the body of the motion which will aid the Court in resolution of this case.

WHEREFORE premises considered herein and above, petitioner prays that the Court will grant this motion, or in the alternative, remand this case for an evidentiary hearing where the records will be fully developed.

Respectfully submitted

_OSAGIEDE_

**JOHNBULL OSAGIEDI**
REG. #21170-424
L.S.C.I. ALLENWOOD
P.O. BOX 100
WHITE DEER, P.A. 17887

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing motion has been sent this_____day of April 2006, with postage pre-paid and properly addressed to the UNITED STATES ATTORNEY'S OFFICE at 219 DEARBORN STREET 5TH FLOOR, CHICAGO, ILLINOIS 60604.

_OSAGIEDE_

**JOHNBULL OSAGIEDE**