UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No.  06 CV 2307 |
| vs. | ) | (No.  02 CR 699-3) |
| | ) | Hon. Charles P. Kocoras |
| JOHNBULL OSAGIEDE | ) | |

**RESPONSE OF THE UNITED STATES TO DEFENDANT'S
MOTION PURSUANT TO 28 U.S.C. § 2255**

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, the United States Attorney for the Northern District of Illinois, responds as follows to defendant Johnbull Osagiede's motion pursuant to 28 U.S.C. § 2255.  For the reasons set forth below, this Court should deny that motion.

**I.      Background**

**A.      Defendant's Indictment and Guilty Plea**

On March 13, 2003, defendant Johnbull Osagiede was arrested pursuant to an arrest warrant and criminal complaint issued in *United States v. Osagiede*, 03 CR 145.  On March 18, 2003, defendant, together with co-defendants Henry Hicks and Michael Braxton, was charged in a superseding indictment in *United States v. Hicks, et al.*, 02 CR 699, with: conspiracy to possess with intent to distribute and to distribute heroin, in violation of 21 U.S.C. § 846 (Count One); and distribution of heroin, in violation of 21 U.S.C. § 841(a)(1) (Counts Two, Three and Four).  The criminal complaint in case number 03 CR 145 was subsequently dismissed.

On January 9, 2004, defendant pled guilty to Count Three of the indictment, pursuant to a written plea agreement.  *See* Plea Agreement, attached as Exhibit A.  In pleading guilty, defendant admitted that on August 30, 2002, he agreed to sell 25 grams of heroin to co-defendant Michael

1

Braxton at a Sears parking lot in Chicago, Illinois. At approximately 2:50 p.m., Osagiede and another individual met Braxton at the parking lot. Braxton gave Osagiede $3,000 in United States Currency, and Osagiede gave Braxton a clear plastic bag containing approximately 24.6 grams of mixtures containing heroin.

In his plea agreement, the defendant disagreed with the government concerning the Sentencing Guidelines calculations. Defendant did not agree with the government's relevant conduct drug quantity calculation, and defendant did not agree with the government's position concerning acceptance of responsibility. *See* Plea Agreement ¶ 6. Defendant further acknowledged that the Court determined the Sentencing Guidelines and that the maximum penalty he faced was 20 years imprisonment. *Id*. at ¶¶ 6(g), 8. Defendant reserved the right to appeal the validity of his guilty plea and the sentence imposed. *Id*. at ¶ 11.

During the plea colloquy, defendant stated that: he read and understood the plea agreement; it was the only and complete agreement with the government; and no other promises or assurances had been made to defendant in an effort to persuade him to plead guilty. *See* Transcript of Plea Colloquy, attached as Exhibit B, at page 7. Defendant further stated that he discussed the sentencing guidelines with his attorney, and that he understood that the final guidelines calculation was unknown at the time of his guilty plea. *Id*. at 10-11.

On May 7, 2004, the Court (Judge Lefkow, presiding) conducted a sentencing hearing in which the government presented two witnesses in order to prove the drug quantity attributable to defendant. Co-defendant Michael Braxton testified that he purchased 50 grams of heroin from defendant Osagiede every other week for approximately one year, for a total of over 1 kilogram of heroin. Counsel for defendant cross-examined the witnesses and argued against a finding of relevant

2

conduct. At the conclusion of the hearing, the Court ruled that Braxton's testimony was credible and that defendant was accountable for over 1 kilogram of heroin. *See* Excerpt of Transcript of Sentencing Hearing, attached as Exhibit C.

The Court scheduled imposition of sentence for June 25, 2004. On June 24, 2004, the Supreme Court issued its opinion in *Blakely v. Washington*, 542 U.S. 296 (2004). On June 25, 2004, given the uncertain state of the applicability of the Sentencing Guidelines, the Court deferred the sentencing.

Ultimately, this Court presided over defendant's sentencing on May 17, 2005. The Court treated the Guidelines as advisory. The applicable range of 121 to 151 months corresponded to an offense level of 32 and a Criminal History Category of I. The Court decided that in this case, the Guidelines range did not provide for a reasonable sentence. After considering a variety of appropriate factors under 18 U.S.C. § 3553(a), the Court imposed a sentence of 97 months imprisonment. Defendant did not appeal the sentence imposed.

**B.      Defendant's Section 2255 Motion**

In a *pro se* memorandum filed on April 25, 2006 (within one year of the entry of final judgment in defendant's case), defendant alleges three grounds as bases to vacate his sentence pursuant to 28 U.S.C. § 2255.

First, defendant alleges that his counsel provided ineffective assistance of counsel in that counsel promised that defendant would receive a sentence of 18 months imprisonment if defendant pled guilty to Count Three of the indictment.

Second, defendant alleges that his counsel was constitutionally ineffective for failing to object to the drug quantity calculation contained in the presentence investigation report.

3

Third, defendant alleges that his counsel was constitutionally ineffective for failing to seek dismissal of the indictment based on an alleged violation of defendant's right to consular notification pursuant to the Vienna Convention.

## II.   Defendant's Counsel Was Not Ineffective.

Defendant's motion fails to demonstrate that he received ineffective assistance of counsel. The plea colloquy establishes that no promises concerning defendant's sentence were made to him. Counsel did in fact vigorously challenge the Probation Office's relevant conduct determination, and objected to the drug quantity calculation.  Finally, there was no violation of defendant's right to consular notification and even if true, defendant's Vienna Convention allegations do not state an ineffective assistance of counsel claim.

### A.   Defendant's Allegation of a Promised Sentence Fails To Support A Claim of Ineffective Assistance.

Defendant claims that his attorney promised defendant that if he pled guilty to Count Three of the indictment (distributing 25 grams of heroin), defendant would only receive a sentence of 18 months imprisonment.  "[M]ere allegations of promises made by counsel are insufficient to support a claim of ineffective assistance." *United States v. Rodriguez-Luna*, 937 F.2d 1208, 1214 (7th Cir. 1991).  The defendant in *Rodriguez-Luna* asserted a claim similar to defendant's: that his lawyer promised him that he would be sentenced only upon the drug quantity charged in the count of conviction and that but for this deception, defendant would not have pled guilty.  *Id.* This was not sufficient to assert an ineffective assistance of counsel claim, particularly in light of defendant's statements in open court that he understood the consequences of his plea.  *Id.* at 1215.

Osagiede's plea agreement and the Court's Rule 11 colloquy refute his claim.  Both the written agreement and the colloquy advised defendant that he faced a maximum penalty of 20 years

4

imprisonment and that the Court would determine a sentence based on its independent assessment of the Sentencing Guidelines. Following the plea colloquy, defendant's counsel informed the Court that there were several disagreements with the government concerning the Sentencing Guidelines and that a contested sentencing hearing would be required. Exhibit B at 17-19. Defendant's affidavit submitted as part of this petition consists of nothing beyond unsupported assertions, and "[u]nsubstantiated allegations are entirely insufficient to cast doubt on the veracity of a Rule 11 colloquy and to overturn a plea agreement." *Salcido-Cruz v. United States*, 2005 WL 1270047 at * 4 (N.D. Ill. 2005) (Pallmeyer, J.). In other words, "the record of a Rule 11 proceeding is entitled to a presumption of verity. . . and the answers contained therein are binding." *United States v. Martinez*, 169 F.3d 1049, 1054 (7th Cir. 1999) (internal citations and quotations omitted).

Moreover, even if defendant received faulty advice, he was not prejudiced by that advice. If defendant had not pled guilty to Count Three, and proceeded to trial on that count, "he would only have delayed the sentencing process of which he now complains without changing the result." *Rodriguez-Luna*, 937 F.2d at 1215. Defendant does not deny distributing 25 grams of heroin as charged in Count Three. The government would have presented its evidence of relevant conduct whether defendant pled guilty or proceeded to trial on that count. Thus, even assuming defendant's incredible assertions are true, they do not state a claim for ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 694 (1984) (requiring petitioner to show that the result of the proceedings would have been different but for counsel's errors).

### B.     Defendant's Counsel Did Object to the Drug Quantity Calculation.

Defendant next claims that his attorney provided ineffective assistance of counsel by failing to object to the increased Guidelines range imposed as a result of the drug quantity attributable to

5

defendant as relevant conduct under U.S.S.G. § 1B1.3. In fact, defendant's counsel did object to the drug quantity, and put the government to its burden of proof at a contested hearing. As noted in the plea agreement and at the Rule 11 colloquy, the parties did not agree on the Sentencing Guidelines calculation. *See* Exhibits A and B. At a hearing, the government called two witnesses, defense counsel cross-examined them, and ultimately the parties argued their respective positions to the Court. At the conclusion of the hearing, the Court found that defendant was accountable for over 1 kilogram of heroin. *See* Exhibit C. Defendant's claim that his attorney failed to object to the proceedings is simply inaccurate, and therefore fails to state a claim for ineffective assistance.

### C. Defendant's Vienna Convention Allegations Do Not Constitute Ineffective Assistance.

Defendant's final claim is that his attorney provided ineffective assistance in failing to seek dismissal of the indictment based on an alleged violation of defendant's right to consular notification under the Vienna Convention. Defendant's claim fails for at least three different reasons.

First, there was no violation of the Vienna Convention in this case. Following defendant's arrest on March 13, 2003, the undersigned Assistant United States Attorney completed and transmitted a consular notification form to the Nigerian Consulate advising the consulate that defendant was in federal custody. *See* Consular Notification Form, Fax Cover Sheet and Fax Confirmation Sheet, attached as Exhibit D. The government is not aware of any subsequent contact between the consulate and defendant. Second, even if there were a violation of the Vienna Convention, defendant made no post-arrest statements in this case, thus there was no evidence obtained as a result of a failure to advise defendant of his consular rights. Finally, neither suppression of evidence nor dismissal of the indictment is a remedy for a violation of the Vienna Convention. *Sanchez-Llamas v. Oregon*, – U.S. –, 126 S.Ct. 2669, 2682 (2006); *United States v.*

6

*Lawal*, 231 F.3d 1045, 1048 (7th Cir. 2000) (exclusionary rule is not a remedy).  As *Sanchez-Llamas* makes clear, the only remedies for a violation of the Vienna Convention lie in the treaty itself, and the treaty does not prescribe any specific remedies, much less dismissal of criminal charges.  *See Sanchez-Llamas*, 126 S.Ct. at 2678-2679.  Therefore, counsel's failure to assert Vienna Convention claims could hardly be construed as falling below an objective standard of reasonable representation and certainly did not prejudice the defendant in any way.  *See Strickland*, 466 U.S. at 688, 694.

## III.  Conclusion

For the foregoing reasons, this Court should deny defendant's 28 U.S.C. § 2255 petition.

Respectfully Submitted,

PATRICK J. FITZGERALD
United States Attorney

By:  s/ Manish S. Shah
MANISH S. SHAH
Assistant United States Attorney
219 S. Dearborn St., 5th Floor
Chicago, Illinois 60604
(312) 353-0517

Dated: September 7, 2006

7

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 06 CV 2307 |
| vs. | ) | (No. 02 CR 699-3) |
| | ) | Hon. Charles P. Kocoras |
| JOHNBULL OSAGIEDE | ) | |

### CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the:

**Response of the United States to Defendant's Motion Pursuant to 28 U.S.C. § 2255**

was served pursuant to the district court's ECF system as to ECF filers, and by U.S. Mail to:

> Johnbull Osagiede
> Register # 21170-424
> FCI Allenwood - Low
> P.O. Box 1000
> White Deer, PA 17887

> Respectfully submitted,

> PATRICK J. FITZGERALD
> United States Attorney

> By:    s/ Manish S. Shah
> MANISH S. SHAH
> Assistant United States Attorney
> 219 South Dearborn Street
> Chicago, Illinois 60604
> (312) 353-0517

Dated: September 7, 2006