UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHNBULL OSAGEIDE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 06 C 2307 |
| vs. | ) | |
| | ) | 02 CR 699-3 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Johnbull Osagiede to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the motion is denied. Although Osagiede has requested a hearing on his motion, because the motion, files, and records of his case conclusively show that he is not entitled to relief under § 2255, no evidentiary hearing is necessary.

## BACKGROUND

In March 2003, Osagiede, a Nigerian citizen, was charged in a four-count indictment. Count One alleged that he conspired with two others to distribute more than 100 grams of heroin; the remaining three counts pertained to alleged distribution on specific dates. Osagiede subsequently pled guilty to one of the latter counts. He admitted selling approximately 25 grams of heroin in exchange for $3000. Osagiede

made this admission both in a written plea agreement and verbally during his colloquy with the judge who presided over his change of plea.

The parties agreed that Osagiede did not have any prior offenses that would contribute to his criminal history. However, they did not agree on many facts germane to the calculation of his offense level. According to the government's position, Osagiede's offense level was 32, yielding a presumptive guideline range of 121-151 months' imprisonment. Osagiede contended that his base offense level was 18 and that he should receive a three-level reduction for acceptance of responsibility, lowering the offense level to 15 and yielding a guideline range of 18-24 months. The plea agreement stated that the final sentence would be determined by the sentencing judge only and that the judge would not be bound to follow the calculations set forth in the agreement.

During the in-court colloquy that preceded the judge's acceptance of Osagiede's plea of guilt, Osagiede acknowledged under oath that no one had made him any promises or assurances outside of the plea agreement to induce him to plead guilty. Government Exh. B, p. 7, ll. 19-22. He also expressed his understanding that final determination of the applicable range would be made by the judge after preparation of a presentence report. Id., p. 10, ll. 21-25, p. 11, ll. 1-25, p. 12, ll. 1-6. Lastly, he stated his recognition of the possibility that his sentence would be more than what he expected to receive at the time of his change of plea. Id., p. 8, ll. 12-25, p. 9, ll. 1-4.

The presentence report supported the government's calculation of Osagiede's offense level. At his sentencing hearing, he objected, through counsel, to the conclusions within the report. The judge heard testimony on that issue and ultimately concluded that Osagiede had been involved in distribution of 1.3 kilograms of heroin, placing his base offense level at 32. The sentencing was continued to allow briefing of additional issues. Once the briefing was complete and all arguments presented had been considered, this court handed down a sentence of 97 months.

Though the plea agreement did not include a waiver of appellate rights, Osagiede chose not to appeal his sentence to the Seventh Circuit. Within one year after the judgment of conviction became final, Osagiede filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

## LEGAL STANDARD

Section 2255 permits a prisoner to "move the court which imposed the sentence to vacate, set aside, or correct the sentence" on the grounds that the sentence was imposed in violation of the Constitution or laws of the United States, or that "the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" Such collateral relief is only available, however, where there was "an error of law that is jurisdictional, constitutional, or constitutes a 'fundamental defect which inherently

results in a complete miscarriage of justice.'" Bischel v. United States, 32 F.3d 259, 263 (7th Cir. 1994) (quoting Borre v. United States, 940 F.2d 215, 217 (7th Cir. 1991)). In evaluating a § 2255 petition, the district court must review the record and draw all reasonable inferences in favor of the government. Carnine v. United States, 974 F.2d 924, 928 (7th Cir. 1992). We note, however, that Osagiede has filed his petition pro se and thus it is entitled to a liberal reading. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 595 (1972).

## DISCUSSION

Osagiede's petition raises three issues for review. First, he contends that his attorney rendered ineffective assistance by inducing him to plead guilty with a promise that he would receive a sentence of 18 months' incarceration. Second, he claims his counsel provided ineffective assistance by failing to object to the amount of heroin attributed to him in the presentence report. Third, he attests that his attorney's failure to press for dismissal of the indictment based on alleged violations of Article 36 of the Vienna Convention fell below the standard of professionally acceptable behavior.

**A. Ineffective Assistance of Counsel During Plea Negotiations**

Osagiede has attached to his motion an affidavit wherein he states that he wished to go to trial but changed his mind only after his attorney assured him that he would receive a sentence of 18 months, based only on the 25-gram amount to which he

admitted in his plea agreement.  He insists that he lied during his Rule 11 colloquy pursuant to his attorney's admonition that he would not receive the 18-month sentence she supposedly promised him if he alerted the judge to their arrangement.  This statement contradicts his sworn testimony during the plea colloquy that he understood both that his sentence was undetermined at that time and that he could receive a punishment that exceeded what he anticipated.

The Supreme Court has made clear that plea proceedings are not to be taken lightly by anyone, particularly criminal defendants. Blackledge v. Allison, 431 U.S. 63, 73-74, 97 S. Ct. 1621, 1629 (1977).  The representations of a defendant during a plea hearing are strongly presumed to be true and thus present "a formidable barrier in any subsequent collateral proceedings." Id. 74, 97 S. Ct. at 1629.  Though the presumption can be overcome, the defendant must set forth more than conclusory allegations.  Id.  Specific details about the alleged promise are necessary to establish a foundation to support its existence, such as when, where, and by whom the promise was made, the context in which it arose, and identification of any witnesses to its formation. Key v. United States, 806 F.2d 133, 139 (7th Cir. 1986).  Here, Osagiede says only that his attorney promised him an 18-month sentence at some indefinite time before he pled guilty.  Such a bare assertion is insufficient to rebut the presumptive truth of his contrary statement that he received no promises regarding his sentence from anyone.

The Rule 11 colloquy was Osagiede's opportunity to alert the court to presence of coercion or mistake in the plea process, and he forewent that opportunity at his own risk. See United States v. Loutos, 383 F.3d 615, 619 (7th Cir. 2004); United States v. Stewart, 198 F.3d 984, 986 (7th Cir. 1999). In addition, even assuming that Osagiede's newly told tale is accurate, it would amount to an admission of perjury. A deliberate fraud carried out at a solemn and serious court proceeding cannot provide a defendant an avenue to later render the resulting expenditure of time, energy, and resources a nullity. See United States v. Knox, 287 F.3d 667, 671 (7th Cir. 2002). As a result, there is no basis to conclude that his attorney's representation during the negotiation of the plea was deficient.

**B.  Ineffective Assistance of Counsel During Sentencing**

With respect to the second ground Osagiede advances, the record clearly shows that counsel vigorously challenged the attribution of the additional amounts of heroin to him during sentencing. He admits as much in his reply, vitiating his claims that she provided ineffective assistance by not challenging the higher drug amount.

Osagiede attempts to recast his presentation on this contention in his responsive brief by stating that he meant to argue that the additional amounts of heroin should not have been attributed to him as part of relevant conduct. A district court need not reach the merits of an issue in a § 2255 proceeding unless it has been raised in a procedurally

appropriate manner. See Williams v. United States, 805 F.2d 1301 (7th Cir. 1986). When a defendant fails to raise an available claim during direct review, the doctrine of procedural default normally will bar its consideration in a § 2255 motion. Galbraith v. United States, 313 F.3d 1001, 1006 (7th Cir. 2002). Such a motion is neither a recapitulation of nor a substitute for a direct appeal. See McCleese v. United States, 75 F.3d 1174, 1177 (7th Cir. 1996). This general rule is subject to two exceptions: where a defendant can satisfy the "cause and prejudice" test of Wainwright v. Sykes, 433 U.S. 72, 87, 97 S. Ct. 2497, 2506-07 (1977), and where a defendant can show a fundamental miscarriage of justice. See Sawyer v. Whitley, 505 U.S. 333, 339, 112 S. Ct. 2514, 2518-19 (1992).

Furthermore, if a procedurally defaulted argument does not raise a constitutional issue, it is barred from collateral review. Belford v. United States, 975 F.2d 310, 313 (7th Cir. 1992), overruled on other grounds by Castellanos v. United States, 26 F.3d 717, 719-20 (7th Cir. 1994). However, questions of ineffective assistance of counsel are generally exempt from procedural default. Massaro v. United States, 538 U.S. 500, 508-09 (2003).

The direct argument Osagiede makes against the attribution of the additional amounts of heroin to him as relevant conduct could and should have been presented to the Court of Appeals, and his failure to do so means that the doctrine of procedural

default bars consideration of it under § 2255.  <u>Galbraith</u>, 313 F.3d at 1006.  He has not asserted that either exception to the doctrine applies.  Because his indirect argument regarding his counsel's performance during sentencing is clearly unmeritorious, his second asserted ground does not establish that he is entitled to relief under § 2255.

**C.  Ineffective Assistance of Counsel Regarding Dismissal of Indictment**

Lastly, Osagiede contends that his counsel was ineffective for failing to argue that the indictment against him should have been dismissed because he was not informed of his rights as a detained foreign national under the Vienna Convention. Article 36(1)(b) of the Convention provides, in pertinent part, "[I]f he so requests, the competent authorities of the receiving State shall, without delay, inform the consular post of the sending State if, within its consular district, a national of that State is arrested or committed to prison or to custody pending trial or is detained in any other manner...[t]he said authorities shall inform the person concerned without delay of his rights under this sub-paragraph."

Osagiede contends, and the government does not contest, that he was not informed of his right to contact the Nigerian consulate upon his arrest.  In the context of criminal proceedings, every appellate court that has examined the question of whether Article 36 creates an enforceable right of notification for individual detainees has either assumed the presence of the right without actually deciding the question or

has concluded that such a right does not exist. See, e.g., Sanchez-Llamas v. Oregon, — U.S. —, 126 S. Ct. 2669, 2677, 2678 (2006) (assuming the presence of the right); United States v. Lawal, 231 F.3d 1045, 1048 (7th Cir. 2000) (same); United States v. Emuegbunam, 268 F.3d 377, 394 (6th Cir. 2001) (concluding that no right exists). Courts proceeding under the assumption that the right of notification exists under the treaty have universally concluded that remedies such as suppression of evidence or dismissal of an indictment are not available to detainees who have arguably suffered a violation. See, e.g., Sanchez-Llamas, — U.S. —, 126 S. Ct. at 2682 (suppression of evidence); United States v. Li, 206 F.3d 56, 62 (1st Cir. 2000) (en banc) (dismissal of indictment).

The Seventh Circuit has not specifically addressed whether dismissal of an indictment is a remedy available to foreign nationals for alleged violations of Article 36. However, it has unequivocally refused to recognize suppression of evidence as a remedy. United States v. Chaparro-Alcantara, 226 F.3d 616, 621-22 (7th Cir. 2000). The like treatment of the Supreme Court and other circuits of this issue makes it extremely unlikely that a motion to dismiss the indictment by Osagiede's attorney would have been successful. Failing to raise an argument likely to fail is not professionally incompetent behavior. Rodriguez v. United States, 286 F.3d 972, 985

(7th Cir. 2002). Consequently, Osagiede's third ground does not set forth a basis for § 2255 relief.

## CONCLUSION

Based on the foregoing, Osagiede's motion to vacate, correct, or set aside his sentence is denied.

_____
Charles P. Kocoras
United States District Judge

Dated:   December 13, 2006