UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 06 C 2307 |
| vs. | ) | |
| | ) | 02 CR 699-3 |
| JOHNBULL OSAGIEDE, | ) | |
| | ) | |
| Defendant. | ) | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

CHARLES P. KOCORAS, District Judge:

Johnbull K. Osagiede, a Nigerian national, pleaded guilty before Judge Joan Lefkow of this Court to one count of heroin distribution. In a sentencing proceeding before Judge Lefkow, two witnesses testified that Osagiede engaged in other drug distribution transactions which constituted relevant conduct for guideline purposes. Judge Lefkow found that the evidence presented was sufficient to hold Osagiede legally responsible for additional drug distribution amounts which served to increase his base offense level to 32, creating a sentencing range of 121 to 151 months.

Prior to the imposition of sentence, the case was transferred to the undersigned judge. Although a review of prior sentencing matters before Judge Lefkow was undertaken, no new testimony or other evidence was received on the issue of relevant conduct and Judge Lefkow's factual findings were left undisturbed. On May 17, 2005,

Osagiede was sentenced to 97 months in prison, which was below the recommended U.S. Sentencing Guidelines range. Osagiede did not appeal.

On April 25, 2006, Osagiede filed a petition for a writ of habeas corpus, contending, among other things, that he was denied his constitutional right to effective assistance of counsel because the Government failed to notify him of his right to consult with the Nigerian Consulate as mandated by the Vienna Convention and his counsel's failure to claim a remedy for him by virtue of the Government's failure.

In its opinion issued on September 9, 2008, the Court of Appeals for the Seventh Circuit held that defense counsel representing a foreign national in 2003 should have known to advise their clients of the right to consular access established by the Vienna Convention and to raise the issue with the presiding judge. The Seventh Circuit remanded the case to this Court to decide, among other things, whether Article 36 of the Vienna Convention had been violated and whether a hearing should be held to determine whether Asagiede was prejudiced by the failure to invoke the Convention.

On November 10, 2009, this Court held a hearing to determine the facts surrounding the circumstances involving the Vienna Convention issues and whether any prejudice was suffered by Osagiede based on those findings. At this hearing, testimonial evidence was received from Kenyatta Tatum, Osagiede's counsel during the relevant portions of the district court proceedings, the Petitioner Johnbull K.

- 2 -

Osagiede, and Dr. Enosopehare Omoruji, petitioner's brother. Perhaps not surprisingly, the testimony was in conflict as to the central issues commanded by the remand. As a consequence, credibility determinations are necessary.

Kenyatta Tatum testified that she became licensed as an attorney in 1991, and that her criminal defense experience included many years of service as a Federal Defender staff attorney or panel attorney. Ms. Tatum estimated that she represented over one hundred criminal defendants over the years as a Federal Defender, with foreign nationals constituting from 30% to 40 % of her clients. Before undertaking her representation of Mr. Osageide, she had represented other Nigerian nationals. Based on her experiences with other Nigerian nationals, she found that those clients did not want her to contact the Nigerian Embassy or Consulate because there was too much corruption at those offices and it could be dangerous to do so.

Ms. Tatum testified that she was aware that Embassy or Consulate contacts were legally provided for foreign national criminal defendants and, as a matter of routine procedure, she would ask those clients if they would like her to contact the relevant office. She testified that she had, in fact, made contacts on other occasions with Russian, Mexican, and Eastern European Consulates in accordance with clients' requests.

Ms. Tatum represented Johnbull Osagiede in early 2003 at his initial court appearance before Judge Lefkow and asked Osagiede at that time if he wanted her to contact the Nigerian Embassy. He did not want her to do so. Ms. Kenyatta was fired by Mr. Osagiede shortly after his initial appearance, and he retained other counsel to represent him. In June 2003, however, Mr. Osagiede had a change of heart and again sought and retained Ms. Tatum to replace the attorney who had previously replaced Ms. Tatum.

Tatum testified that at the time of her reretention in June 2003, she again talked to Osagiede about the Nigerian Consulate and recommended to him that he should contact that office. She testified that they had a lengthy discussion about that topic, but that Mr. Osagiede offered a number of reasons why he did not want her to do so. She said Mr. Osagiede referred to corruption in that office and that any contact might result in harm to his family and perhaps the loss of some family land. Additionally, he accused a man named Lassi of committing the crime but if the Embassy were employed in an effort to find him, Lassi would find out about the request and Lassi would never be found. Ms. Tatum urged the use of the Consulate, but Osagiede still refused and said he would talk to his brother. Osagiede never requested of Tatum that any Consular contact be made at any time.

Ms. Tatum talked to the petitioner's brother, a doctor in New York, by telephone three or four times about various aspects of the case, including contact with the

consulate. She testified that the brother was unsure about that, but would talk to the petitioner.

Because of Mr. Osagiede's express refusal, Ms. Tatum did not contact the Nigerian Embassy or Consular Office. Neither Mr. Osagiede nor Dr. Omoruyi indicated to Ms. Tatum that such assistance was wanted. The reasons given by Mr. Osagiede to Ms. Tatum, and the basis upon which she relied in declining to make the request for assistance in accordance with her client's wishes, included the following:

1. Immigration and deportation matters;
2. Corruption;
3. Hampering the ability to find a witness;
4. Fathers and Wives security and land matters.

The Petitioner's firm denial to his counsel's suggestion that the Nigerian Consulate be contacted closed discussion on that topic. In some circumstances, counsel's independent duty of proper representation permits ignoring a client's command. This is not one of those circumstances. As expressed in *Strickland v. Washington*, 466 U.S. 668, 691, (1984), it is reasonable for defense counsel to adhere to her client's wishes:

> The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions. Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant.

Johnbull Osagiede testified on his own behalf and described his experiences with Ms. Tatum in this way. He said he met with Ms. Tatum for about two minutes before his first court appearance which lasted four minutes. About a week later, Osagiede said Tatum came to see him at the Metropolitan Correctional Center in a meeting that lasted three minutes. He told her that his family had retained another attorney to represent him and fired Tatum. He said there was no discussion about any embassy or consulate contact. Osagiede then hired a different lawyer.

During the ensuing months, Osagiede became dissatisfied with the attorney he had selected to replace Ms. Tatum. Around June of 2003, Osagiede fired his lawyer and rehired Tatum. He testified, contrary to Ms. Tatum's detailed testimony on the point, that there was no discussion about consular assistance or about any efforts on Tatum's part to locate witnesses.

Mr. Osagiede's testimonial disdain for the quality of services rendered by Ms. Tatum, including the amount of time he claims she devoted to him in their initial relationship, is at odds with his later actions. When he fired his lawyer around June 2003 and rehired Ms. Tatum as a replacement, the reasonable conclusion to be drawn was his apparent satisfaction with her prior representation of him. To suggest that her detailed testimony about their discussions in June 2003 about contacting the Nigerian Embassy or Consulate and the particularized risks he expressed in doing so are now a

complete fabrication defies belief. Osagiede would never have rehired Ms. Tatum if he thought she was neither skilled nor truthful. For this and other reasons, we credit the testimony of Attorney Tatum and find, among other things, that she was knowledgeable about the provisions of the Vienna Convention, she advised Osagiede of his rights under the treaty, he unequivocally told her not to do so and expressed reasons for his declination, and it was reasonable representation by her not to do so.

In the sentencing hearing held by Judge Lefkow, electronic recordings were not relied on by the judge in any way in determining the drug quantity Osagiede was responsible for. Judge Lefkow heard testimony from witnesses Braxton and Hicks and considered other evidence in determining relevant conduct. Tatum did obtain professional assistance in reviewing the recordings and acted reasonably in the choices she made. The idea that a more in depth technical analysis of some recordings would have pointed the finger of guilt at some other person or would have influenced a judge who did not rely on the recordings in determining Osagiede's responsibility is pure speculation. Nor was it less than adequate representation for Tatum to not claim Osagiede was prejudiced by the Government's failure to inform him of his Vienna Convention rights when he was already aware of them and had knowingly declined Consular assistance. Meaningless claims do not provide sentencing prejudice.

To summarize, there is no basis to conclude that Kenyatta Tatum provided less than adequate and appropriate legal representation to Johnbull K. Osagiede at any time. There is also no basis to conclude any prejudice was experienced by Mr. Osagiede. Accordingly, his motion to vacate the sentence pursuant to 28 U.S.C. § 2255 is denied.

_Charles P. Kocoras_
Charles P. Kocoras
United States District Judge

Dated:   December 11, 2009